Okay, we'll now hear argument in In Re New York Times Motion. Thank you. Okay. All right, you may proceed. Mr. Sumar, you reserve two minutes for rebuttal, I think. Is that correct? Well, what's your basis for thinking that the district court didn't do everything appropriately? Is it just a hunch, or do you think that for important cases you get to peer behind the curtain even if there are very good reasons, recognizable reasons, to seal things? Nonetheless, the New York Times gets to be in the discussion. Your Honor, and let me correct the misstatement that I made earlier about the New York Times and the New York Times. Of course. What we can speak to is both the narrow case in this case and the compelling case. So there are two documents of issue. The first is the state hearing transcripts brought to the hearing and the second is a report by the memory where they decided that there was a misstatement of the issue. The government has now conceded that over the last three years, nearly a year after that, that's really when there was a misstatement of the issue, that three pages of the message were in your case without doing any damage to the public interest. Well, that doesn't necessarily mean that it was true at the time they were sealed. That just means that it's true now, right? Well, they haven't cited a change in circumstances yet, Your Honor. But if the portion of the order that's unsealed, for example, like procedural history that's public and maybe the legal standard, that's not really what you're looking for here, right? I mean, you're saying that that would satisfy you if there was unsealing of the sealing order to that limited extent? That's not what you're looking for here, right? Well, obviously we don't know what we don't know, but knowing the legal standard, I think, Your Honor, is quite important. We want to know how the court understood that it was going to affect the procedure and documents related to it. And we think it's very implausible that even at a generalized level, the government can't uncover what the nature of the procedure is. What we've said in the Howard case and other cases that revealing the basis for the secrecy so that you can challenge it would obviously defeat the whole purpose of the sealing to begin with. Isn't that the classic problem with providing you with the reasons for the sealing? Why is this different than any other situation where the court seals the reasons for the sealing? We've known, Your Honor, that sometimes disclosing the basis for the sealing itself... Well, what is very, very interesting, Your Honor, is not the public to read, but even the general nature of the procedure. That is, it doesn't have to do with the man or the person. It doesn't have to do with the argument of that case. It doesn't have to do with things that are very violent. Disclosing that to the public and the New York Times, how it makes a case that the sealing is unlawful only points you back to the public, and the reason why there is no likelihood or little likelihood of a substantial problem that exists in the United States. And let me just emphasize another fact, Your Honor, that the sealing here may not always require this, so that the reason for sealing may have a positive meaning. And that's that four days before the government filed its recommendation on October 7th, they sought the sealing of some 11 documents that were for judicial court. And many of those, there was no reason to seal when the agency was not sealed by November of 2018. There were two order granting motions that were out of text in the order. There was a preliminary order of court. There was an order unsealing the indictment. There was a notice of intent to proceed under Federal Rules of Procedure 17. There were the two governmental responses to the intent of sealing applications in the New York Times range on November 5th and February 22nd. And, of course, there was a November 8th sealing. So all of this leads us to believe, and it leads the public to believe, that the sealing of this case has a non-factual scenario here. And as to the redaction of the grant, we know, we suspect, that it has to do with failure of Section 2 based on what we've seen in the experimental context. But we know from the documents that the bond provisions were modified on the right, even though that appears nowhere near. So, again, from where we are sitting, and we don't know what we don't know, there's little reason to believe that the sealing has actually been implemented. And then, also, the legal standard here, the support denunciated in 1995, is that there being a substantial probability of predatory and non-factual. To the extent that the sealing here is founded on a short-term bond proposal or factually correct cooperation in the investigation, that has been known to some extent. So, that's obvious to anyone watching this case. Mr. Weiss is clearly guilty. The sentence is now deferred three months. There was a November 8th, 1st, 2018 report from the Wall Street Journal. I'm sure you didn't sign up for it. But it says Mr. Weiss was not cooperating. In July of 2019, again, the Wall Street Journal reported that Mr. Weiss was not cooperating and that the investigation of what I'm reading now, a bankruptcy ban, to Mr. Weiss. They're doing it from kind of a whole. So, the whole of this is clearly to do with the fact that the sealing here does not meet the standards. I also want to speak to the standard review in the U.S. Before you go there, so I'm just curious where you're going with this. So, the fact that sort of newspapers or other periodicals speculate as to what's going on then compels the court to reassess the basis for sealing? On the fact that you'd like to speak with me at this point in time, we find it very hard to believe that our targets of the investigation will be surprised to learn that the government is going to do this to us. So, again, the standard here is the government didn't do this. The government has the same standard as we do. It is a substantial couple of millions registered in the public. That is when it's appropriate for the public to be advised by the person at the front desk. And wholesale sealing specifically is something that this court has been very skeptical about. ABC first knew that was the case when the warranty received was closed. And this court said, well, even if there were some reasons to close the warranty there were so many reasons to close the warranty. In the e-reader of the Times today, it reminds me of something I said, not just because it involves Eric Fein. This court recognized the right of access to free trial in a newspaper that had a free warrant on it. And Jeff Weinstein had sealed those newspapers in their entirety. And this court said, that's not consistent. There may be some problems with that. Okay. Thank you, Mr. Sumar. We'll now hear from Ms. Smith on behalf of the government. So what accounts for then sort of the evolving and sort of slow disclosure of additional things? Has it changed circumstances, or is it just, on second thought, maybe we don't need to keep this redacted? So just so that the sort of procedural background is clear,  to unseal large portions of the stocket in conjunction with the filing of the additional indictment. So the government obviously made the initial application to seal and then also made the initial application to unseal large portions. That was sort of – Ms. Smith, the issue is three times now, for example, you did on October 31st make this voluntary motion to unseal, but then five days later the plea transcript was unsealed in response to the New York Times, or eight days later. So I don't think you're arguing that something changed between October 31st and November 8th. It was only because the New York Times made a request that – in other words, the plea transcript could have been unsealed on October 31st, right? The portion that was unsealed. Absent the redacted portion. Okay. And the sealing order that you're now saying could be partially unsealed. There's no changed circumstances with respect to that. You just looked at the order closely and seen a few portions of it that you think are okay to reveal, right? I think that's fair. And then the docket entries that are now unsealed is the same thing, that these are things that probably could have been unsealed way back when, correct? For some of them I think that's correct. I do think that it is a human process, the process of determining what should be sealed and what should be unsealed. I think that there is an argument that we have gone above and beyond and that the compelling interest or interests that are discussed in the sealed briefs and appendix would justify a less conservative sealing. I do believe here we've tried to be as narrowly tailored as possible. Some of the things that wound up getting unsealed when we were re-reviewing the docket in connection with the, in preparing for argument here, were documents that were not filed by the government, that were filed either by another party or by the court, and that the government didn't specifically ask to seal. So we did undertake a process to go through and ensure that the sealing was as narrowly tailored as possible. But it doesn't change the underlying compelling interest or interests that justified sealing of those limited portions of the plea transcript, which is what's before this court. And as I said in connection with the appeal, while we had not specifically requested that the court's entire order be filed under seal, we went back through and attempted to very narrowly determine what portions of that order should remain under seal, given those compelling interests or interests. The government has consistently followed the standards set forth in Doe. And obviously I think some of what the Times' argument ignores is that there is a district court reviewing everything that we're putting in front of the district court. We've put everything in front of this court. And obviously to the extent that either the district court or this court finds that those compelling interests or interests aren't sufficient, we will abide by those rulings. But we really have attempted to be as narrowly tailored as possible. All right. But you're basically saying now that certain things can be unredacted, that are currently redacted. So when we filed this appeal, we also filed in front of the district court an additional application to unseal additional docket entries. That was granted, I believe, in December of 2019. And the only thing that remains under seal that could be unsealed are the portions of the district court's original order that we've highlighted in our brief. But everything else that we've sought to have unsealed has, in fact, been unsealed. The sealing order itself, hasn't an application been made to the district court for that? That's only before us. It's only before you at this point. So you're asking us to remand for purposes of having the district court do that, or you're asking us to just do it now? We could do it. In fact, it would be fine from the government's perspective either way. We have consulted with the other party, the defendant as well. We can put that in front of the district court, or this court could order that as well. All right. Thank you. If you have no further questions. Mr. Sumar, you had two minutes, I believe, if you need that much. Thank you, Your Honor. I'll just make three quick points. The first is, you know, to the extent the government said that, you know, it re-reviewed the docket in preparation for this appeal. I mean, that's a little too late. Well, courts and I guess the moving party have an ongoing obligation to make sure that the things that are sealed still need to be sealed, right? Correct. What I'm saying, Your Honor, is some of the things that have been unsealed here, we don't know whether they would have been unsealed had we not brought this appeal. Well, I mean, I guess that's true. All we can do is pass on what is currently sealed and determine whether there's a legitimate basis to seal it, right? And I'm not disputing that, Your Honor. I'm just making the point that, you know, the public and the press have sort of limited resources to challenge sealing like this. You know, we handle cases like these in-house. The press at a time like this don't have resources to hire law firms and do this. The public has sometimes a hard time exercising its right of access. All we're saying here is that, you know, what has happened here now recently is only because the Times has brought this appeal, and the public and the press often don't have the capacity to sort of do that. And so that's why we think that sort of ongoing review at the district court level is important. The second point they made is that the district court sanctioned this, and we acknowledge that the district court erred, too. But we think, as the cases say, as this Court's precedents say, the government has the burden of justifying sealing when the First Amendment right applies and when the common law right applies. And they simply haven't done that based on the facts before this Court. And the third thing, which I just want to speak to because it was raised here, was that the things that remain sealed at the district court level remain sealed for good reason. And again, the Times speaks from a position of disadvantage, but there are a number of docket entries that remain sealed. For the docket entries that were unsealed, except in one case, there are documents underlying those docket entries which remain sealed in full. So we are skeptical that what remains sealed here at the district court level is actually meets the First Amendment standard. But, I mean, maybe I'm confused. Are you – there was some mention of the docket sheet, but I don't recall that being the relief you were seeking. Are you seeking unsealing with respect to additional items that are now sealed or redacted on the docket sheet? Not before this Court, Your Honor. I'm just speaking to that point because the government raised it in their argument. If there are no further questions, thank you. All right. Thank you very much. We'll reserve.